IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. CR 06-0053 LRR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAHMAL GREEN, | ) | |
| a/k/a Cheeseburger, | ) | |
| | ) | |
| Defendant. | ) | |

**INFORMATION REGARDING NOTICE OF INTENTION
TO SEEK ENHANCED PENALTY AGAINST DEFENDANT**

Plaintiff United States of America hereby informs the court and the defendant, Jahmal Green, of its intention to seek an enhanced penalty against the defendant in the event the defendant is convicted on Counts 1 through 5 of the pending indictment.

On May 4, 2006, the Federal Grand Jury for the Northern District of Iowa returned an indictment charging the defendant five counts of violations of the controlled substances laws.

Count 1 alleges that the defendant, after having previously been convicted of six felony drug offenses, knowingly and intentionally possessed with the intent to distribute .93 grams of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 851 and 841(b)(1)(C).

Count 2 alleges that the defendant, after having previously been convicted of six felony drug offenses, distributed .69 grams of a mixture or substance containing a detectable amount of cocaine, within 1,000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 851, 860, and 841(b)(1)(A).

Count 3 alleges that the defendant, after having previously been convicted of six felony drug offenses, distributed .69 grams of a mixture or substance containing a detectable amount of cocaine, within 1,000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 851, 860, and 841(b)(1)(A).

Count 4 alleges that the defendant, after having previously been convicted of six felony drug offenses, knowingly and intentionally possessed with the intent to distribute .95 grams of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 851 and 841(b)(1)(C).

Count 5 alleges that the defendant, after having previously been convicted of six felony drug offenses, knowingly and intentionally possessed with the intent to distribute 6.18 grams of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 851 and 841(b)(1)(B).

Title 21, United States Code, Section 841(a)(1) provides:

> It shall be unlawful for any person knowingly or intentionally –
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance . . .

Title 21, United States Code, Section 860(b) provides:

> Any person who violates section 841(a)(1) or section 856 of this title by distributing. . . a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university . . . [shall be subject to enhanced punishment].

Here, the defendant, has six prior convictions for felony drug offenses. Specifically, the defendant was convicted of the following:

2

1) Possession of a controlled substance on January 2, 2003, in the Ramsey District Court, Minnesota, case number 02235585;

2) Possession of a controlled substance on May 1, 1995, in the Circuit Court of Cook County, Illinois, case number 94CR1533901;

3) Possession of a controlled substance on April 30, 1996, in the Circuit Court of Cook County, Illinois, case number 96CR0364001;

4) Manufacture and delivery of a controlled substance on September 8, 1997, in the Circuit Court of Cook County, Illinois, case number 97CR1306101;

5) Manufacture and delivery of a controlled substance on September 8, 1997, in the Circuit Court of Cook County, Illinois, case number 97CR1764601; and

6) Manufacture and delivery of a controlled substance on July 6, 2004, in the Circuit Court of Cook County, Illinois, case number 97CR102011.

These offenses constitute a "prior conviction for a felony drug offense".

The United States intends to pursue the enhanced punishment of up to 30 years imprisonment in the event the defendant is convicted of Count 1 or Count 4 of the pending indictment. See, 21 U.S.C. §841(b)(1)(C). Title 21, United States Code, Section 841(b)(1)(C), provides in part:

> ". . . shall be sentenced to a term of imprisonment of not more than 20 years . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000 if the defendant is an individual . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual . . . ."

The United States intends to pursue the enhanced punishment of mandatory life imprisonment in the event the defendant is convicted of Count 2 or Count 3 of the pending indictment. See, 21 U.S.C. §841(b)(1)(A). Title 21, United States Code, Section 841(b)(1)(A), provides in relevant part:

3

". . .If any person commits a violation of this subparagraph of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence. "

The United States intends to pursue the enhanced punishment of 10 years to life imprisonment in the event the defendant is convicted of Count 5 of the pending indictment. See, 21 U.S.C. §841(b)(1)(B). Title 21, United States Code, Section 841(b)(1)(B), provides in relevant part:

". . . a term of imprisonment which may not be less than 5 years or more than 40 years . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual . . .".

Respectfully submitted,

CHARLES W. LARSON, SR.
United States Attorney

By: s/Patrick J. Reinert

PATRICK J. REINERT
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, IA 52401-1825
(319)363-6333
FAX: (319)363-1990
Pat.Reinert@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on May 18, 2006.

UNITED STATES ATTORNEY

BY:  s/   S. Patton

COPIES TO:
Casey Jones

4