IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAHMAL GREEN,<br><br>　　　　Defendant. | No. 1:06-cr-53<br><br>**MOTION TO WITHDRAW DEFENDANT'S PRO SE MOTION TO FOR FIRST STEP ACT SECTION 404 RELIEF, WITHOUT PREJUDICE**<br><br>**MOTION TO CANCEL BRIEFING SCHEDULE** |

COMES NOW counsel, on behalf of Defendant, Jahmal Green, and moves to withdraw his pending pro se motion for First Step Act Section 404 relief, without prejudice, and to cancel the existing briefing schedule in this case.

1.　　On January 11, 2019, Mr. Green filed a pro se motion for First Step Act § 404 relief. Dkt. 68. On November 18, 2019, he requested counsel be appointed to assist him in pursuing relief. Dkt. 69. On June 1, 2020, the Court appointed the Federal Public Defender's office to assist Mr. Green with his request for Section 404 relief.[1] Dkt. 71. On June 30, 2020, the Court entered a briefing schedule, with Mr. Green's opening brief deadline set for August 28, 2020. Dkt. 93.

2.　　To be eligible for First Step Act § 404 relief, Mr. Green must have committed a "covered offense," defined by § 404(a) as "a violation of a Federal criminal statute, the statutory

---

1　The same Order granted the FPD's request to be appointed to represent Mr. Green for purposes of pursuing a Motion for a Compassionate Release sentence reduction. That matter was briefed separately, and on July 10, 2020, the Court denied Mr. Green's motion. Dkt. 95.

penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."

3. The government maintains that Mr. Green is not eligible to be considered for a Section 404 sentence reduction because he is serving a mandatory life sentence under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 860(a). Put another way, his sentence resulted, not because he was charged with some threshold *quantity* of crack cocaine, but because he was convicted under 21 U.S.C. § 860(a), following two prior felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A) (2005) (requiring a mandatory life sentence when "any person commits a violation of this subparagraph or of section . . . 860 . . . of this title after 2 or more prior convictions for a felony drug offense have become final").

4. The only federal decision that appears to have addressed the question of eligibility in this situation is in *United States v. Samuels*, wherein the Honorable Judge Linda Reade found a similarly situated defendant *ineligible* for Section 404 relief, because he had *not* committed a "covered offense." *See* N.D. Case No. 2:06-cr-1020, Dkt. 134. Mr. Samuels has appealed Judge Reade's decision to the Eighth Circuit Court of Appeals. *See id.*, Dkt. 136–138; 8th Cir. Case No. 20-2403. Because eligibility was the sole basis for Judge Reade's decision, it appears probable the Court of Appeals will, in the very near future, squarely address the question of whether defendants with two prior felony drug offenses and a § 860(a) conviction have committed a "covered offense" within the meaning of Section 404(a). The ruling will likely be dispositive on the question of Mr. Green's eligibility for Section 404 relief.

5. After consultation with counsel, Mr. Green believes it is in his best interest <u>not</u> to pursue First Step Act Section 404 relief at this time. At a minimum, he wishes to await the Eighth Circuit's decision in the *Samuels* case, so that he may discuss the decision with counsel

and assess at that time whether a non-frivolous argument in favor of eligibility can be asserted.[2]

6. Mr. Green requests that the existing briefing schedule be canceled, and that his pending pro se motion for relief be deemed withdrawn, <u>without prejudice</u> to his ability to pursue Section 404 relief in the future, should he and assigned counsel determine that circumstances warrant it.

7. The government does not resist the instant motion.

For the reasons stated herein, Mr. Green asks the Court to grant the requested relief.

        */s/ Nova D. Janssen*
Nova D. Janssen, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: nova_janssen@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

        */s/Mindy Guynn*

---

[2] Mr. Green has been in custody for the instant offense since May 6, 2005 – a period of approximately 171 months. Assuming he is both eligible for Section 404 relief *and* granted a sentence reduction to the present-day statutory mandatory minimum of 300 months, he would likely have many years left to serve on his sentence before discharge.

A defendant can be considered for First Step Act Section 404 relief only one time. *See* § 404(c) ("No court shall entertain a motion made under [§ 404] to reduce a sentence if . . . a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits."). There is no deadline, however, by which a Section 404 motion must be made.